IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YIHUA CHEN,** | : | CIVIL ACTION |
| *Petitioner,* | : | |
| v. | : | |
| **MICHAEL ROSE, in his official capacity as** | : | No. 26-cv-0501 |
| **ICE Field Office Director, et al.,** | : | |
| *Respondents.* | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                   February 19, 2026

On January 26, 2026, Petitioner Yihua Chen filed a verified petition for a writ of habeas corpus, challenging his detention without a bond hearing. ECF No. 1 at 2. The Court granted the Petition, insofar as it concluded that Petitioner's detention without a bond hearing was unlawful, and it ordered Respondents to provide Petitioner with a bond hearing at which the Parties could present evidence and arguments. ECF No. 5 at 1–2. Petitioner now moves for additional relief. ECF No. 9. Petitioner argues that his bond hearing was fundamentally unfair and moves this Court to "assume jurisdiction over [his] custody and order him released." *Id.* at 2. For the reasons set forth below, and after a hearing on the issues, the Motion (ECF No. 9) will be **DENIED**.

### I.    DISCUSSION

When a district court orders a bond hearing pursuant to granting a writ of habeas corpus, the district court's jurisdiction to review the outcome of the bond hearing is limited. Generally, the court may review only whether the bond hearing failed to satisfy due process, or presented other constitutional defects, in violation of the court's habeas corpus order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (noting that

1

though courts cannot "review any discretionary determinations underlying [an] IJ's bond decision," they "may review whether the bond hearing was fundamentally unfair," and reviewing the district court's decision regarding fundamental unfairness on the merits); *see also P.M. v. Joyce*, No. 22-CV-6321, 2023 WL 2401458, at *1 n.2 (S.D.N.Y. Mar. 8, 2023) ("[F]ailure to appeal the denial of bond does not preclude [a petitioner] from seeking a writ of habeas corpus for the unconstitutional deprivation of a bond hearing" if appealing to the Board of Immigration Appeals is futile). The court may not "relitigate the merits of [the] bond order" or weigh the evidence, and mere "disagreements about the outcome of the bond hearing" do not furnish a basis for relief in the district court. *See Ghanem*, 2022 WL 574624, at *2–3. Absent fundamental unfairness, any challenges to the bond hearing's outcome must typically be channeled through the ordinary process of appealing an immigration judge's ruling to the Board of Immigration Appeals. *See Hugo A. A. Q. v. Green*, No. CV 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("[A] petitioner seeking review of [a bona fide] bond decision must instead either appeal the bond denial to the BIA or seek his release through filing a request for a bond redetermination hearing.").

As relevant here, a bond hearing is fundamentally fair and comports with the minimum requirements of due process when three elements are met: (1) there is "factfinding based on a record produced before the decisionmaker and disclosed to [the petitioner];" (2) the petitioner is "allowed to make arguments on his or her own behalf;" and (3) the immigration judge makes "an *individualized* determination of [the petitioner's] interests." *See Ghanem*, 2022 WL 574624, at *2 (emphasis added). A bond hearing is individualized if it is not "so arbitrary that it would offend fundamental tenets of due process." *Romero v. Ogle*, No. 1:21-CV-01192, 2021 WL 8362027, at *3 (M.D. Pa. Nov. 12, 2021) (citation omitted). And if "there is a discernible rational basis for the

2

underlying administrative decision," and the immigration judge applies the correct legal standards, that suffices. *Id.*

Upon review, Petitioner's bond hearing satisfied the minimum requirements of due process. Petitioner's bond hearing satisfied the first and second elements. Petitioner presented evidence, ECF No. 9 at 1–2,[1] and Petitioner's Counsel argued on his behalf,[2] *see* Bond Hearing Audio Recording at 05:35–6:51. The immigration judge then made an individualized determination as to Petitioner, satisfying the third element of due process. The immigration judge identified a specific basis for denying bond: she concluded on the record that Petitioner was a flight risk. A review of the Bond Hearing Audio Recording confirms that the immigration judge based her determination that Petitioner is a flight risk on facts presented in the record. Specifically, the immigration judge concluded that Petitioner lacks a strong asylum claim—the basis for his lawful status. *See* Bond Hearing Audio Recording at 09:42–10:20. The immigration judge reasoned that because Petitioner entered the United States without inspection and is subject to the Circumvention of Lawful Pathways Rule, a presumptive bar that Petitioner's pending asylum application, and that the Petitioner's claim for asylum was otherwise "speculative."[3] *See* Bond Hearing Audio

---

[1] Petitioner argues that the immigration judge "did not conduct a meaningful review of the evidence presented." ECF. No. 9 at 1. Specifically, Petitioner contends that the immigration judge's swift review of the evidence he presented during his bond hearing rendered it insufficient to accord him due process. *Id.* at 1–2. However, as stated *supra*, the minimum requirements of due process require that Petitioner receive "factfinding based on a record produced before the decisionmaker and disclosed to [him][.]" *Ghanem*, 2022 WL 574624, at *2. Petitioner concedes both that he presented evidence and that the immigration judge reviewed the evidence prior to rendering a decision as to his bail status. ECF No. 9 at 1–2. Petitioner argues only that the immigration judge spent too little time reviewing the evidence before making her decision. *Id.* This argument is plainly not within the Court's authority to consider. *See Ghanem*, No. 21-1908, 2022 WL 574624, at *3 (concluding that an "allegation of improper evidence weighing, . . . is not within our authority to consider").

[2] Petitioner's counsel argued that Petitioner was an asylum seeker, that he had significant ties to the United States vis-à-vis relatives with lawful status in the United States, had no criminal history, and that he was detained upon self-reporting to Immigrations and Customs Enforcement ("ICE"). *See* Bond Hearing Audio Recording at 05:13–6:51.

[3] The immigration judge specifically found that Petitioner's asylum application was based on speculative fears of persecution because of his Christian faith. *Id*.

Recording at 08:23–9:41. On this basis, the immigration judge determined that Petitioner lacked an incentive to appear before the immigration court, to appear for ICE check ins, or to appear if ordered removed from the United States. *See id*.

Though the immigration judge could have provided a more thorough explanation of her reasoning, her reasoning was specific to the Petitioner, based on facts presented by the parties, and had a rational basis. The Court takes no position on whether the outcome of the bond hearing was correct or not. That is not the role of the Court. The Court's review is limited to a determination of whether the minimum requirements for due process were satisfied. Here, the Court concludes that they were.

## II.   CONCLUSION

For the foregoing reasons, Petitioner's Motion (ECF No. 9) to assume custody over Petitioner and order him released will be denied. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**